# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :   **COMPLAINT**<br>:   **CIVIL ACTION NO.**<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>: |
| Plaintiffs, | : |
| v. | : |
| CUSTOM LIFT SOLUTIONS, INC.<br>333-A Market Street<br>Oakland, CA 94607, | :<br>:<br>: |
| JAMES HAYGOOD<br>333-A Market Street<br>Oakland, CA 94607, | :<br>:<br>: |
| and | : |

| | |
|---|---|
| JUSTIN CHANG | : |
| 333-A Market Street | : |
| Oakland, CA 94607, | : |
| | : |
| Defendants. | : |

# COMPLAINT

### (TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; FOR EQUITABLE RELIEF; AND FOR BREACH OF FIDUCIARY DUTY)

## Parties

1.  The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.  The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Educational Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. The Elevator Constructors Annuity and 401(k) Retirement Plan ("Annuity 401(k) Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Custom Lift Solutions, Inc. ("Custom Lift Solutions"), is a California business existing under California laws with offices located at 333-A Market Street, Oakland, California 94607.

7. Custom Lift Solutions transacts business in California as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8. At all relevant times, Custom Lift Solutions was signatory and bound to the Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

9. James Haygood, is an officer and owner of Custom Lift Solutions, and resides at 333-A Market Street, Oakland, California 94607.

10. At all relevant times, James Haygood exercised control and discretion over the assets of Custom Lift Solutions, including, but not limited to, decisions regarding the collection of receivables for Custom Lift Solutions, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Custom Lift Solutions' employees, and the amounts to be paid to the Plaintiffs.  Accordingly, James Haygood is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11. Justin Chang, if an officer and owner of Custom Lift Solutions, and resides at 333-A Market Street, Oakland, California 94607.

12. At all relevant times, Justin Chang exercised control and discretion over the assets of Custom Lift Solutions, including, but not limited to, decisions regarding the collection of receivables for Custom Lift Solutions, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Custom Lift Solutions' employees, and the amounts to be paid to the Plaintiffs. Accordingly, Justin Chang is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

13. During the period of February 1, 2019 through February 2023, the Defendant Custom Lift Solutions employed employees performing work covered by the Collective Bargaining Agreement.

## Jurisdiction

14. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreements, to collect the outstanding contributions and other amounts from the owner individually, for breach of fiduciary duty, and for appropriate equitable relief.

15. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

16. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)

17. The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth in Count I.

18. Pursuant to the Collective Bargaining Agreements, Defendants agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendants' employees covered by the Collective Bargaining Agreements.

19. In March 2021 the certified public accounting firm of Daniel A. Winters & Co. first determined that amounts were owed to the Plaintiffs for unreported work performed from February 1, 2019 to September 30, 2020. The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

20. Defendant employed certain employees covered by the Collective Bargaining Agreements, but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from February 1, 2019 through September 30, 2020 as required by the Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $30,887.75.

21.     The Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

22.     The Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## COUNT II

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS FOR UNPAID CONTRIBUTIONS)

23.     The Pension Fund, Health Benefit Fund, Educational Program, and Annuity 401(k) Fund ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth in Count II.

24.     Pursuant to its Collective Bargaining Agreement, Defendant Custom Lift Solutions agreed to report and pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

25.     Defendant Custom Lift Solutions employed certain employees covered by the Collective Bargaining Agreement, but failed to report and/or pay the amounts when due to the Benefit Funds for work performed in March 2021 through June 2021 and January 2022 through December 2022 as required by the Short Form Agreement, Collective Bargaining Agreement, and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

26.     The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to

pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

27. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

### COUNT III

### (AMOUNTS OWED TO THE HEALTH BENEFIT FUND FOR UNREMITTED CONTRIBUTIONS DEDUCTED FROM EMPLOYEES WAGES)

28. The Health Benefit Fund hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 27 of Counts I and II as if fully set forth in Count III.

29. Pursuant to its Collective Bargaining Agreement, Defendant Custom Lift Solutions agreed to remit to the Health Benefit Fund certain sums of money deducted from the wages of Defendant's employees covered by the Collective Bargaining Agreement for each hour worked.

30. Defendant Custom Lift Solutions employed certain employees covered by the Collective Bargaining Agreement, deducted from the employees' wages amounts payable to the Health Benefit Fund, and failed to report and/or remit the entire amount when due to the Health Benefit Fund during the months of March 2021 through June 2021 and January 2022 through December 2022 as required by the Collective Bargaining Agreement and the Health Benefit Fund's Restated Agreement and Declaration of Trust.

31. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest and/or lost earnings from the date due through the date of payment.

32. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

## COUNT IV

### (OTHER CONTRIBUTION PAYMENTS)

33. The Work Preservation Fund hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 32 of Counts I, II, and III as if fully set forth in Count IV.

34. Pursuant to its Collective Bargaining Agreement, Defendant agreed to report and pay to the Work Preservation Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

35. Defendant employed certain employees covered by the Collective Bargaining Agreement, but failed to report and/or pay the entire amounts when due to the Work Preservation Fund for the months of March 2021 through June 2021 and January 2022 through December 2022 as required by the Collective Bargaining Agreement.

36. The Work Preservation Fund's Restated Agreement and Declarations of Trust provides that an employer who fails to pay the amounts required when due shall be obligated to pay reasonable attorneys' fees and court costs.

## COUNT V

### (FOR BREACH OF FIDUCIARY DUTY)

37. The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count V paragraphs 1 through 36 of Counts I, II, III, and IV as if fully set forth in Count V.

38. The Defendant James Haygood executed the Short Form Agreement on January 11, 2019, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust.

39. The Defendants James Haygood and Justin Chang was and is responsible for creating and operating Custom Lift Solutions and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from Custom Lift Solutions' assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit Fund from Custom Lift Solutions' assets.

40. Defendants James Haygood and Justin Chang commingled assets of Custom Lift Solutions' payable to the Plaintiffs with the general assets of Custom Lift Solutions and used those assets for purposes other than to pay the Plaintiffs.

41. Defendants James Haygood and Justin Chang exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

42. The amounts due, unreported and unpaid by Defendant Custom Lift Solutions, are assets of the Benefit Fund Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

43. The factual contentions in Paragraphs 8, 10, 12, 20, 25, 30 and 38 through 42 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, III, IV, and V as follows:

1. That the Court find Defendant Custom Lift Solutions liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from February 1, 2019 through September 30, 2020.

2. That the Court find the Defendant Custom Lift Solutions liable in the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2021 to date and through the date of judgment;

3. That the Court find the Defendant Custom Lift Solutions liable in the amount of unremitted contributions deducted from employees' wages, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2021 to date and through the date of judgment;

4. That the Court find Defendants James Haygood and Justin Chang jointly and severally liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from February 1, 2019 through September 30, 2020;

5. That the Court find the Defendants James Haygood and Justin Chang jointly and severally liable with Defendant Custom Lift Solutions for the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2021 to date and through the date of judgment;

6. That the Court find the Defendants James Haygood and Justin Chang jointly and severally liable with Defendant Custom Lift Solutions liable in the amount of unremitted contributions

deducted from employees' wages, interest, lost earnings, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2021 to date and through the date of judgment;

7. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii), and the Restated Trust Agreements

8. For such further relief as the Court may deem appropriate.

                                                  Respectfully submitted,

DATE: February 8, 2023                    s/ Andrew Costa-Kelser
                                                  Andrew Costa-Kelser, Bar No. 314865
                                                  **O'DONOGHUE & O'DONOGHUE LLP**
                                                  Constitution Place, Suite 600
                                                  325 Chestnut Street
                                                  Philadelphia, PA  19106
                                                  Telephone (215) 629-4970
                                                  Facsimile (215) 629-4996

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 8$^h$ day of February 2023 on the following:

        Secretary of the Treasury
        15th. and Pennsylvania Ave., N.W.
        Washington, DC  20220
        ATTN: Employee Plans
                Internal Revenue Service

        Secretary of Labor
        200 Constitution Avenue, N.W.
        Washington, DC  20210
        ATTN: Assistant Solicitor
                for Plan Benefits Security

                              s/ Andrew Costa-Kelser
                              Andrew Costa-Kelser